■ WALTER V. PABON, Respondent, v RAILROAD MAINTENANCE CORPORATION et al., Respondents, and NEW YORK CITY TRANSIT AUTHORITY, Appellant.—Order of the Supreme Court, Bronx County, entered January 22, 1979, which granted leave to plaintiff to settle action and directed appellant, New York City Transit Authority, as plaintiff's self-insured workers' compensation carrier, to pay a hospital bill in the sum of $6,351.38 unanimously modified, on the law, to strike so much of the order as directed payment of the hospital bill and to recompute accordingly the amount of attorneys' fees and disbursements to be deducted from the compensation lien, and otherwise affirmed, without costs. Plaintiff was a transit maintenance worker employed by the New York City Transit Authority (authority), who was injured on the job by a section of track suspended from a crane operated by Railroad Maintenance Corp. (railroad). The authority, as a self-insured workers' compensation carrier paid substantial workers' compensation benefits to plaintiff as well as certain hospital expenses for which it has a lien on any sum recovered in this suit brought by plaintiff against railroad. In dispute is a hospital bill for $6,351.38 due to New York City Health and Hospitals Corporation for services rendered to plaintiff in 1973 by reason of the accident. The Health and Hospitals Corp. submitted its bill to the authority in 1978, approximately four and one-half years after the rendition of the services to plaintiff. The authority contested payment of the bill. The matter was then submitted to the Workers' Compensation Board (board) and was pending at the time of this application. We are informed that thereafter the board denied the application of Health and Hospitals Corp. for payment upon the ground that the bill for services rendered was not submitted within the statutory period. In the interim, plaintiff and the railroad agreed upon a settlement of their pending action. However, plaintiff was hesitant to proceed with the settlement while the bill of Health and Hospitals Corporation was still hanging fire. Accordingly, he moved for an order directing the authority to pay the bill. Special Term granted the application and the authority appeals therefrom. Section 29 of the Workers' Compensation Law permits the court, upon appropriate application, to protect the

rights of a worker to further compensation benefits in the event that his entitlement to such benefits exceeds the amount of the settlement of the third-party action. It does not otherwise permit it to interfere in matters within the exclusive competence of the board. Determination of whether·a hospital lien should or should not be paid is within that exclusive competence subject only to review by the Appellate Division of the Supreme Court, Third Department (Workers' Compensation Law, § 23). In intruding into the forbidden field Special Term exceeded its jurisdiction. Accordingly, we modify to strike so much of the order as directed the authority to pay $6,351.38 to Health and Hospitals Corp. Inasmuch as this will require a recomputation of the amount of attorneys' fees and disbursements to be deducted from the compensation lien, we direct such recomputation. Settle order. Concur—Ross, J. P., Markewich, Silverman, Bloom and Carro, JJ.